AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

FILED
CLERK, U.S. DISTRICT COURT
1/3/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VAV___ DEPUTY

| | |
|---|---|
| In the Matter of the Search of ) <br> A white 2010 Chevrolet Express van, with ) <br> California license plate 36683H2, and VIN ) <br> 1GCZGFBA0A1153498 ) <br> ("SUBJECT VEHICLE 3"), which is also believed to ) <br> be ROBINSON's vehicle, as further described in ) <br> Attachment A-5 ) | Case No   8:22-mj-00792-DUTY |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A-5*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ___ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    December 16, 2022, 2:38 p.m.              *Karen L. Stevenson*
                                                                      *Judge's signature*

City and state:    Los Angeles, CA              Honorable Karen Stevenson, U.S. Magistrate Judge
                                                                *Printed name and title*

AUSA: Jeff Chemerinsky, ext. 6520

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

## Return

| Case No.: 8:22-mj-00792 | Date and time warrant executed: 12/21/2022 6:00 a.m. | Copy of warrant and inventory left with: Brian Chia |
|---|---|---|

Inventory made in the presence of :
TFO David Mendez, TFO Ryan Mcduffy

Inventory of the property taken and name of any person(s) seized:

See attached inventory

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 12/27/2022

Andrew Fabrigas (Signed Electronically)
*Executing officer's signature*

Andrew Fabrigas ATF Task Force Officer
*Printed name and title*

## ATTACHMENT A-5

<u>VEHICLE TO BE SEARCHED</u>

A white 2010 Chevrolet Express van, with California license plate 36683H2, and VIN 1GCZGFBA0A1153498 ("SUBJECT VEHICLE 3")

**ATTACHMENT B**

ITEMS TO BE SEIZED

1. The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. § 1951(a) (interference with commerce and attempted interference with commerce) and 18 U.S.C. § 924(c) (use of a firearm in furtherance of a crime of violence) (the "Subject Offenses"), namely:

    a. Firearms and replica firearms

    b. Brown construction type boots

    c. All Black "Vans" type shoes

    d. Black sunglasses

    e. Documents, communications, emails, text messages, MMS messages, photographs, chats, or iMessages regarding: (1) robberies, (2) restaurants, (3) proceeds of robberies; and/or (4) attempts to circumvent law enforcement detection

    f. Location data for the period October 15, 2022 through November 22, 2022

    g. Records related to or establishing the location of ARIZON for the period October 15, 2022 to November 22, 2022;

    h. Bank or other financial records related to cash deposits

    i. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offense/s, and forensic copies thereof.

    2.    With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

        a.    evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

        b.    evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

        c.    evidence of the attachment of other devices;

        d.    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

        e.    evidence of the times the device was used;

        f.    passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

        g.    applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

        h.    records of or information about Internet Protocol addresses used by the device;

   i. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

   j. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

   k. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

SEARCH PROCEDURE FOR DIGITAL DEVICES

3. In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

    a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

    b. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

        i. The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

          ii.    The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

          iii.   The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

     c.    If the search team, while searching a digital device, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

     d.    If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

     e.    If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

     f.    If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital

device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

   g. The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

   h. After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

   i. In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

    i. Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

    ii. Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

    iii. Any magnetic, electronic, or optical storage device capable of storing digital data;

          iv.  Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

          v.  Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

          vi.  Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

          vii. Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

          j.  During the execution of this search warrant, law enforcement is permitted to: (1) depress ARIZON's fingers onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of ARIZON's face with his or her eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device.  In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in Graham v. Connor, 490 U.S. 386 (1989); specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

7.   The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Receipt for Property and Other Items

| Page _1_ of _1_ | Case/Inspection Number 784055 23-0006 | Case/Inspection Title GOLDEN BARREL SERIES | Office SANTA ANA |
|---|---|---|---|

Taken from: (name, title, address, if appropriate) 519 S AGATE
2010 WHITE CHEVY EXPRESS VAN (36683H2) ANAHEIM, CA
2003 BLACK CHEVY SILVERADO (TG08947)

Recipient: (name, title, address, if appropriate) ATF

Location of Transfer or Seizure: 519 SOUTH AGATE STREET, ANAHEIM, CA

Basis for Transfer or Seizure of Items: SEARCH WARRANT

| Amount or Quantity | Description of Item(s) |
|---|---|
| "1" | GLOCK 30s W/ MAGAZINE INSERTED, LOADED WITH .45 AUTO ROUNDS (LOCATED IN 2010 WHITE CHEVY VAN) |
| 13 | .45 AUTO ROUNDS (LOCATED IN 2010 WHITE CHEVY VAN) |
| 1 | 13 ROUND MAGAZINE (LOCATED IN 2010 WHITE CHEVY VAN) |
| "1" | GLOCK 19x W/ MAGAZINE INSERTED, LOADED WITH 9MM ROUNDS (LOCATED IN 2003 CHEVY SILVERADO) |
| 9 | 9MM HORNADY ROUNDS (LOCATED IN 2003 CHEVY SILVERADO) |
| 8 | 9MM SIG ROUNDS (LOCATED INSIDE 2003 CHEVY SILVERADO) |
| 1 | GLOCK (17) ROUND MAGAZINE (LOCATED INSIDE 2003 CHEVY SIL_) |
| 1 | BLACK HOLSTER (LOCATED INSIDE 2003 CHEVY SILVERADO) |

I hereby acknowledge receipt of the above item(s) into my custody.

Received by: (signature) BRIAN CHIA

Transferred by: (signature, if appropriate) Ryan McDuff TFO   Date 12/21/22

Witnessed by: (signature) TFO   Date 12/21

ATF Form 3400.23
Revised March 2005